UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| HAPP'S, INC. and PATRICK JOSEPH CARNEY, ) | |
| ) | |
| Defendants. ) | |

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Nautilus Insurance Company ("Nautilus"), by its undersigned attorneys, for its Amended Complaint for Declaratory Judgment, states as follows:

**Parties and Venue**

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

2. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a), as this action is between citizens of different states, and the amount in controversy exceeds $75,000.

3. Venue is proper in the Northern District of Illinois, as Nautilus policy was issued to an Illinois insured, and the events referred to in the underlying complaint occurred in the Northern District.

4. Nautilus is an Arizona corporation with its principal place of business in Arizona.

5. Happs, Inc. ("Happ's") is an Illinois corporation with its principal place of business in Northbrook, Illinois.

6. Patrick Joseph Carney ("Carney") is a citizen of the State of Illinois.

**The Underlying Complaint**

7. On August 8, 2007, Carney filed a Complaint at Law in the Circuit Court of Cook County, Illinois, Case No. 07 L 8369 H, against Happ's. On September 13, 2007, Happ's filed an Amended Complaint at Law ("Amended Complaint"), adding Union Pacific Railroad Company as a defendant. Attached as Exhibit A is a true and accurate copy of the Amended Complaint.

9. Carney alleges that Union Pacific hired Happ's to remove an unused railroad bridge located in Chicago, Illinois, and that Happ's hired Carney Group, Inc. d/b/a Chicago Explosive Services to assist in the teardown of the bridge.

10. Carney further alleges that on July 31, 2006, he was injured in an accident while working on the project, and that various negligent omissions on the part of Happ's proximately caused his injury.

**The Nautilus Policy**

11. Nautilus issued Commercial General Liability Policy No. BN463745, effective January 1, 2006 to January 1, 2007, to Happ's (the "Policy").  Attached as Exhibit B is a true and accurate copy of the Policy.

12. The Conditions section of the Policy provides, in relevant part, as follows:

2. Duties In The Event Of Occurrence, Offense, Claim Or Suit

   a. you must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

      (1) How, when and where the "occurrence" or offense took place;

      (2) The names and addresses of any injured persons and witnesses; and

      (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

2

13. As a result of its investigation of the accident in which Carney was severely injured, the Occupational Safety and Health Administration issued a Citation and Notification of Penalty to Happ's on December 11, 2006.

14. Happ's failed to notify Nautilus of the accident until on or about August 15, 2007, over a year after the accident.

15. Nautilus had not received prior notice of the accident from any source.

16. Happ's breached the notice condition of the Policy by failing to provide notice "as soon as practicable" of an occurrence "which may result in a claim."

17. Breach of the notice condition by Happ's voids coverage for the Carney lawsuit.

18. On information and belief, Happ's contends that Nautilus has a duty to defend and indemnify it in connection with the Carney lawsuit. Therefore, there is an actual controversy between the parties.

Wherefore, Nautilus Insurance Company respectfully requests that the Court enter judgment in favor of Nautilus and against the defendants herein, and that the Court declare that Nautilus has no duty to defend or indemnify Happ's, Inc. in connection with the lawsuit filed against it by Patrick Joseph Carney in the Circuit Court of Cook County, Illinois under Case No. 07 L 8369 H.

Respectfully Submitted,

Nautilus Insurance Company,

By: ___/s/ Robert A. Chaney___
One of its attorneys

Jeffrey A. Goldwater
Robert A. Chaney
Bollinger, Ruberry & Garvey LLP
500 West Madison Street, Suite 2300
Chicago, Illinois 60661
Telephone: (312) 466-8000
Facsimile: (312) 466-8001