**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 695 |
| | ) | |
| HAPP'S INC, AND PATRICK JOSEPH CARNEY, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT HAPP'S , INC ANSWER TO AMENDED
COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Happ's Inc by and through its attorneys and for its answers the amended complaint states as follows:

**Parties and Venue**

1.     This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

**ANSWER**:  Admit

2.     The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a), as this action is, between citizens of different states, and the amount in controversy exceeds $75,000.

**ANSWER**:    Admit.

3.     Venue is proper in the Northern District of Illinois, as Nautilus policy was issued to an Illinois insured, and the events referred to in the underlying complaint occurred in the Northern District.

**ANSWER**:    Admit.

4.     Nautilus is an Arizona corporation with its principal place of business in Arizona.

**ANSWER**:     Admit.

5.     Happs, Inc. ("Happ's") is an Illinois corporation with its principal place of business in Northbrook, Illinois.

**ANSWER**:     Admit.

6.     Patrick Joseph Carney ("Carney") is a citizen of the State of Illinois.

**ANSWER**:     Admit.

## The Underlying Complaint

7.     On August 8, 2007, Carney filed a Complaint at Law in the Circuit Court of Cook County, Illinois, Case No. 07 L 8369 H, against Happ's. On September 13, 2007, Happ's filed an Amended Complaint at Law ("Amended Complaint"), adding Union Pacific Railroad Company as a defendant. Attached as Exhibit A is a true and accurate copy of the Amended Complaint.

**ANSWER**:     Admit.

9.     Carney alleges that Union Pacific hired Happ's to remove an unused railroad bridge located in Chicago, Illinois, and that Happ's hired Carney Group, Inc. d/b/a Chicago Explosive Services to assist in the teardown of the bridge.

**ANSWER**:     Admit.

10.     Carney further alleges that on July 31, 2006, he was injured in an accident while working on the project, and that various negligent omissions on the part of Happ's proximately caused his injury.

**ANSWER**:     Deny.

## The Nautilus Policy

11.     Nautilus issued Commercial General Liability Policy No. BN463745, effective January 1, 2006 to January 1, 2007, to Happ's (the "Policy"). Attached as Exhibit B is a true and accurate copy of the Policy.

**ANSWER**:     Admit.

12.     The Conditions section of the Policy provides, in relevant part, as follows:

2.     Duties In The Event Of Occurrence, Offense, Claim Or Suit

    a.     you must see to it that we are notified as *soon as* practicable of an "occurrence" or *an* offense which may result in a claim. To the extent possible, notice should include:

        (1)     How, when and where the "occurrence" or offense took place;

        (2)     The names and addresses of any injured persons and witnesses; and

        (3)     The nature and location of any injury or damage arising out of the "occurrence" or offense.

**ANSWER**:   Admit.

13.     As a result of its investigation of the accident in which Carney was severely injured, the Occupational Safety and Health Administration issued a Citation and Notification of Penalty to Happ's on December 11, 2006.

**ANSWER**:     Deny.

14.     Happ's failed to notify Nautilus of the accident until on or about August 15, 2007, over a year after the accident.

**ANSWER**:     Deny.

15.     Nautilus had not received prior notice of the accident from any source.

**ANSWER**:     Deny.

16.     Happ's breached the notice condition of the Policy by failing to provide notice "as soon as practicable" of an occurrence "which may result in a claim."

**ANSWER**:     Deny.

17.     Breach of the notice condition by Happ's voids coverage for the Carney lawsuit.

**ANSWER**:     Deny.

18.     On information and belief, Happ's contends that Nautilus has a duty to defend and

indemnify it in connection with the Carney lawsuit. Therefore, there is an actual controversy between the parties.

      **ANSWER**:   Deny.  There is no actual controversy because Nautilus has no legitimate right to claim that it has a no duty to defend.

      **WHEREFORE**, Defendant prays that this Court enter a judgment in its favor against Nautilus Insurance Company that this Court award attorney fees and costs to Defendant and for further relief that is just and equitable in the circumstances.

                                  Respectfully Submitted,
                                  HAPP'S INC.,

                                  By:/s/ Joseph T. Gentleman
                                  One of the Attorneys for Happ's Inc.

Joseph T. Gentleman (6244501)           Kent A. Heitzinger (26373)
33 North Dearborn Street                1056 Gage Street
Suite 1401                           Suite 200
Chicago, Illinois 60602               Winnetka, Illinois 60093
(312) 263-7000                     (847) 446-2430