**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| HAPP'S INC., | ) | |
| | ) | |
| v.    Third Party Plaintiff, | ) | |
| | ) | No.  08 C 695 |
| RICHARD ZANDE AND ZANDE & | ) | |
| ASSOCIATES A/K/A ZANDE | ) | |
| GROUP, AN ILLINOIS CORPORATION | ) | |
| | ) | |
| Third Party Defendants. | ) | |

**THIRD PARTY COMPLAINT**

NOW COMES Happ's Inc by and through its attorneys and for its third party complaint against Richard Zande and Zande & Associates A/K/A Zande Group, an Illinois corporation states as follows:

**Parties and Jurisdiction**

1. Happ's Inc is an Illinois Corporation.

2. Zande & Associates A/K/A Zande Group is an Illinois Corporation and is in the insurance business.

3. Richard Zande is an adult citizen of Illinois.  Upon information and belief, Richard Zande owns stock in Zande & Associates A/K/A Zande Group, and is an employee. Richard Zande and Zande & Associates A/K/A Zande Group, are jointly and severally liable for the acts complained of.

4. This matter is brought pursuant to Federal Rule 14 based on the fact that if Nautilus Insurance Company prevails against Happ's Inc. then Richard Zande and Zande & Associates A/K/A Zande Group an Illinois Corporation should be liable to Happ's Inc.

**Facts**

5.      At all times relevant including in 2005 and 2006 Plaintiff purchased insurance through Defendants.

6.      On or about January 18, 2006, the Plaintiff purchased insurance from Nautilus Insurance Company through Defendants. (**See Exhibit 1**).

7.      August 8, 2007, Patrick Joseph Carney ("Carney") filed a complaint in the Circuit Court of Cook County, Illinois case No. 07 L 8369 against Happ's Inc. On September 13, 2007 Carney filed an amended complaint adding Union Pacific Railroad Company as a defendant. (**See Exhibit 2**).

8.      Carney alleges in 07 L 8369 that Union Pacific hired Happ's Inc, to remove an unused railroad bridge located in Chicago and that Happ's Inc, hired Carney Group, Inc d/b/a Chicago Explosive Services to assist in the teardown of the bridge.

9.      Carney further alleges that on July 31, 2006 he was injured on the property where the bridge was being removed.

10.     On July 31, 2006, Steve Happs called Richard Zande and informed him that someone was injured on the property where the bridge was being removed.

11.     Shortly after July 31, 2006 Plaintiff gave written notice of the injury which occurred on July 31, 2006 to the Defendants.

12.     On January 1, 2008, Nautilus Insurance Company filed ("Nautilus") a complaint in the United States District Court Northern Division case no 08 C 00695 seeking a judgment which establishes that it does not have to provide insurance coverage to Happ's Inc, for the injury that Carney claimed occurred on July 31, 2006 based on Happ's Inc, failure to provide proper notice of the injury which occurred on July 31, 2006.

13. The Defendants owed the Plaintiff a duty to exercise care and skill which included a duty to notify all entities who provided insurance to Plaintiff about the injury which occurred on July 31, 2006. (**See Exhibit 2**).

14. If Nautilus is successful in its case against Happ's Inc, case no. 08 C 00695 then the Defendants breached the duty to exercise care and skill when they failed to notify all entities who provided insurance to Plaintiff about the injury which occurred on July 31, 2006.

15. As a result of the Defendants' breach of the standard of care, the Plaintiffs were sued by Nautilus and Nautilus claimed that it does not have to provide coverage to Plaintiff based on the failure of Defendants to provide adequate notice.

16. The Plaintiff has suffered damage in that it had to retain an attorney to defend itself in the case Nautilus filed against Happ's Inc, case no. 08 C 00695 and may suffer damage if it were to lose the case Nautilus filed against Happ's Inc.

17. But for the negligence of Defendants the Plaintiff would not have suffered any damage.

18. If the Defendants had exercised reasonable to care and skill, Nautilus would have received notice of the accident action which occurred on July 31, 2006 in a more timely manner and Nautilus would not have any valid claim that it does not have to provide insurance coverage to Defendant.

WHEREFORE Happ's Inc., prays that a jury enter a judgment in its favor and against Richard Zande and Zande & Associates A/K/A Zande Group jointly and severally in an amount to be found due and for further relief that is just and equitable in the circumstances.

                                                                                        Respectfully Submitted,
                                                                                        HAPP'S INC.,

                                                                                        By:/s/ Joseph T. Gentleman
                                                                                       One of the Attorneys for Happ's Inc.

| | |
|---|---|
| Joseph T. Gentleman (6244501) | Kent A. Heitzinger (26373) |
| 33 North Dearborn Street | 1056 Gage Street |
| Suite 1401 | Suite 200 |
| Chicago, Illinois 60602 | Winnetka, Illinois 60093 |
| (312) 263-7000 | (847) 446-2430 |