675.23053

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY, | ) | |
| Plaintiff, | ) | Case No.: 08 CV 695 |
| | ) | |
| v. | ) | Judge:  William T. Hart |
| | ) | |
| HAPP'S, INC., | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD ZANDE & ZANDE & | ) | |
| ASSOCIATES A/K/A ZANDE GROUP, an | ) | |
| Illinois corporation, | ) | |
| Third-Party Defendant. | ) | |

**ZANDE ANSWER AND AFFIRMATIVE DEFENSE**

NOW COME the Third Party Defendants, RICHARD ZANDE and ZANDE &

ASSOCIATES, and, in Answer to the Third Party Complaint of Happ's Inc., states as follows:

**Parties and Jurisdiction**

1. Happ's Inc is an Illinois Corporation.

   **Response:**

   Third Party Defendants admit the allegations of Paragraph One.

2. Zande & Associates A/K/A Zande Group is an Illinois Corporation and is in the

   insurance business.

   **Response:**

   Third Party Defendants admit that Zande & Associates d/b/a Zande Group is an Illinois
   Corporation.

3. Richard Zande is an adult citizen of Illinois. Upon information and belief, Richard Zande

   owns stock in Zande & Associates A/K/A Zande Group, and is an employee.  Richard

Zande and Zande & Associates A/K/A Zande Group, are jointly and severally liable for

the acts complained of.

**Response:**

Richard Zande admits that he is an adult citizen of Illinois. Third Party Defendants admit
that Richard Zande owns stock in Zande & Associates. Third Party Defendants admit that
Richard Zande is an employee of Zande & Associates. Third Party Defendants deny the
remaining allegations of Paragraph Three.

4.  This matter is brought pursuant to Federal Rule 14 based on the fact that if Nautilus

Insurance Company prevails against Happ's Inc. then Richard Zande and Zande &

Associates A/K/A Zande Group an Illinois Corporation should be liable to Happ's Inc.

**Response:**

Third Party Defendants admit that the matter is brought pursuant to Federal Rule 14 but
deny that Third Party Plaintiffs are entitled to any relief whatsoever.  Any remaining
allegations of Paragraph Four are denied.

**Facts**

5.  At all times relevant including in 2005 and 2006 Plaintiff purchased insurance through

Defendants.

**Response:**

Third Party Defendants admit that in 2005 and 2006, Happs purchased insurance through
Zande Group.

6.  On or about January 18, 2006, the Plaintiff purchased insurance from Nautilus Insurance

Company through Defendants. (**See Exhibit 1**).

**Response:**

Third Party Defendants admit the allegations of Paragraph Six.

7.  August 8, 2007, Patrick Joseph Carney ("Carney") filed a complaint in the Circuit Court

of Cook County, Illinois case No. 07 L 8369 against Happ's Inc.  On September 13, 2007

Carney filed an amended complaint adding Union Pacific Railroad Company as a defendant. (See Exhibit 2).

**Response:**

Third Party Defendants admit the allegations of Paragraph Seven.

8. Carney alleges in 07 L 8369 that Union Pacific hired Happ's Inc, to remove an unused railroad bridge located in Chicago and that Happ's Inc, hired Carney Group, Inc d/b/a Chicago Explosive Services to assist in the teardown of the bridge.

**Response:**

Third Party Defendants admit the allegations of Paragraph Eight.

9. Carney further alleges that on July 31, 2006 he was injured on the property where the bridge was being removed.

**Response:**

Third Party Defendants admit the allegations of Paragraph Nine.

10. On July 31, 2006, Steve Happs called Richard Zande and informed him that someone was injured on the property where the bridge was being removed.

**Response:**

Third Party Defendants admit the allegations of Paragraph Ten.

11. Shortly after July 31, 2006 Plaintiff gave written notice of the injury which occurred on July 31, 2006 to the Defendants.

**Response:**

Third Party Defendants deny the allegations of Paragraph Eleven.

12. On January 1, 2008, Nautilus Insurance Company filed ("Nautilus") a complaint in the United States District Court Northern Division case no. 08 C 00695 seeking a judgment

which establishes that it does not have to provide insurance coverage to Happ's Inc, for

the injury that Carney claimed occurred on July 31, 2006 based on Happ's Inc, failure to

provide proper notice of the injury which occurred on July 31, 2006.

**Response:**

Third Party Defendants deny that the Nautilus action was filed in the "Northern Divsion"
but admit the remaining allegations of Paragraph Twelve.

13. The Defendants owed the Plaintiff a duty to exercise care and skill which included a duty

to notify all entities who provided insurance to Plaintiff about the injury which occurred

on July 31, 2006. (**See Exhibit 2**).

**Response:**

Third Party Defendants deny the allegations of Paragraph Thirteen.

14. If Nautilus is successful in its case against Happ's Inc, case no. 08 C 00695 then the

Defendants breached the duty to exercise care and skill when they failed to notify all

entities who provided insurance to Plaintiff about the injury which occurred on July 31,

2006.

**Response:**

Third Party Defendants deny the allegations of Paragraph Fourteen.

15. As a result of the Defendants' breach of the standard of care, the Plaintiffs were sued by

Nautilus and Nautilus claimed that it does not have to provide coverage to Plaintiff based

on the failure of Defendants to provide adequate notice.

**Response:**

Third Party Defendants deny the allegations of Paragraph Fifteen.

16. The Plaintiff has suffered damages in that it had to retain an attorney to defend itself in

the case Nautilus filed against Happ's Inc, case no. 08 C 00695 and may suffer damage if

it were to lose the case Nautilus filed against Happ's Inc.

**Response:**

Third Party Defendants deny the allegations of Paragraph Sixteen.

17. But for the negligence of Defendants the Plaintiff would not have suffered any damage.

**Response:**

Third Party Defendants deny the allegations of Paragraph Seventeen.

18. If the Defendants had exercised reasonable to care and skill, Nautilus would have received notice of the accident action which occurred on July 31, 2006 in a more timely manner and Nautilus would not have any valid claim that it does not have to provide insurance coverage to Defendant.

**Response:**

Third Party Defendants deny the allegations of Paragraph Eighteen.

WHEREFORE, the Third Party Defendants deny that the Third Party Plaintiff is entitled to judgment in any amount whatsoever and ask this that matter be dismissed with prejudice with costs to the Third Party Defendants.

## AFFIRMATIVE DEFENSES

NOW COME the Third Party Defendants, and state the following Affirmative Defenses to Third Party Plaintiff's Complaint:

1. Third Party Plaintiff had a duty under the policy of insurance to provide notice directly to the insurer and breached that duty.

2. Third Party Plaintiff failed to provide proper documents to Third Party Defendant to enable Third Party Defendant to identify potential causes of action and the insurers for same.

3.  Third Party Plaintiff failed to provide instructions to Third Party Defendant with regard to notice to insurers.

4.  Kent A. Heitzinger, counsel for Third Party Plaintiff, currently represents Third Party Defendant with regard to certain matters. No waiver of conflict was provided prior to the time of the filing of the Third Party Complaint, nor was Third Party Defendant advised of the potential of such conflict. Given the clear conflict, the defense of Third Party Defendant has been compromised and as such, this matter should be dismissed with prejudice as the conflict has made it impossible for Third Party Defendant to obtain a fair result in this case.

WHEREFORE, the Third Party Defendants deny that the Third Party Plaintiff is entitled to judgment in any amount whatsoever and ask this that matter be dismissed with prejudice with costs to the Third Party Defendants.

Respectfully submitted,

/s/ David M. Lewin

_____

Attorney for RICHARD ZANDE &
ZANDE & ASSOCIATES a/k/a ZANDE
GROUP, an Illinois corporation
Panos T. Topalis   ARDC # 06202025
David M. Lewin   ARDC # 6211157
TRIBLER ORPETT & MEYER, P.C.
225 West Washington, Suite 1300
Chicago, IL 60606
(312) 201-6400
(312) 201-6401 – fax
pttopalis@tribler.com
dmlewin@tribler.com

## CERTIFICATE OF SERVICE

This is to certify that I have filed electronically Third Party Defendants, Richard Zande and Zande & Associates' Answer and Affirmative Defense and service shall be made upon all counsel of record via electronic mail.

This 15th day of July 2008.

/s/ David M. Lewin

_____
TRIBLER ORPETT & MEYER, P.C.

Panos T. Topalis - ARDC #6202025
David M. Lewin – ARDC #6211157
TRIBLER ORPETT & MEYER, P.C.
225 W. Washington Street, Suite 1300
Chicago, Illinois 60606
(312) 201-6400